# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID BOONE and SERGIO RODRIGUEZ CERON, | ) ) ) | |
| Plaintiffs, | ) ) | No. 16-CV-11510 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| CITY OF CHICAGO, OFFICER BANEOND CHINCHILLA, OFFICER JAMES ECHOLS, and OFFICER LEMORNET MILLER, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiffs in this case bring federal civil rights claims and state law tort claims against several Chicago police officers and the City itself. The City has moved to dismiss the federal *Monell* claim and a state law claim of unlawful imprisonment. The motion as to the former has merit; the latter does not.

## I. BACKGROUND[1]

On October 19, 2016, several City of Chicago police officers, including defendants Baneond Chinchilla, James Echols, and Lemornet Miller, entered the apartment of plaintiffs David Boone and Sergio Rodriguez Ceron and conducted a search. First Amended Complaint (FAC) at 2.[2] The officers had previously obtained a search warrant for the apartment, but Officer Chinchilla (and possibly other officers) knew that the information presented to the judge to

---

[1] As this is a motion to dismiss, the Court accepts all well-pleaded facts as true and construes all inferences in favor of the plaintiff. *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 634 (7th Cir. 2012).

[2] The paragraph numbers in the First Amended Complaint restart at multiple points without any rhyme or reason. Consequently, the court cites to page numbers rather than paragraphs.

obtain the warrant was false. *Id*. at 2-3. Nonetheless, the officers conducted a search, for which they lacked probable cause, for approximately two hours. During the search, the officers placed Boone and Ceron in unreasonably tight handcuffs, causing them pain. Boone and Ceron complained repeatedly about the handcuffs, which were loosened after an hour. *Id*. at 3. The officers ultimately seized or damaged artwork and furniture, and damaged the apartment's walls.

On November 30, 2016, Chicago police officers including Chinchilla, Echols, and Miller again entered and searched Boone and Ceron's apartment. This time, too, the complaint alleges, officer Chinchilla (and possibly other officers) knew that the information presented to the judge to obtain the warrant was false, and again, the officers seized or damaged plaintiffs' personal property and damaged the apartment's floors and walls. *Id*. at 3-4. And as during the first search, the officers placed Boone and Ceron in unreasonably tight handcuffs, which were once more only loosened after an hour of Boone and Ceron's complaints.

Boone and Ceron filed suit against officers Chinchilla, Echols, and Miller, as well as the City of Chicago, under 42 U.S.C. § 1983. The First Amended Complaint includes federal constitutional unlawful search and seizure and excessive force claims against the individual officers and a *Monell* claim against the City of Chicago. The complaint also includes Illinois law claims against the City for unlawful imprisonment and battery.[3] The City now moves to dismiss Boone and Ceron's *Monell* and unlawful imprisonment claims.

## II. DISCUSSION

**A.** *Monell* **Claim**

The City moves to dismiss plaintiffs' *Monell* claim, arguing that the complaint contains insufficient facts to support an inference that a City practice or policy caused the plaintiffs'

---

[3] The state law theories set forth in the complaint are not asserted against the individual officers.

injury. To hold a municipality liable for the conduct of one of its employees under 42 U.S.C. § 1983, plaintiff must "plead factual content that allows the court to draw the reasonable inference that the City maintained a policy, custom, or practice" that resulted in the violation of their constitutional rights. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). This may be accomplished by pleading that "the unconstitutional act about which the plaintiff complains was caused by (1) an official policy adopted and promulgated by [municipal] officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Carmona v. City of Chicago*, No. 15-CV-462, 2018 WL 306664, at *2 (N.D. Ill. Jan. 5, 2018). "To survive a motion to dismiss, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *McCauley*, 671 F.3d at 617 (internal quotation marks omitted). "Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to th[e] presumption of truth." *Id*. at 616.

Plaintiffs point to a single paragraph in the complaint that they say is sufficient to state the existence of a widespread City of Chicago practice or custom of violating individuals' civil rights:

> Upon information and belief, certain of the Individual Defendant Officers, including but not limited to Defendants Chinchilla, Echols, and Miller, have been the subjects of dozens of complaints for misconduct, including numerous civil-rights lawsuits, but have never been disciplined by the Defendant City of Chicago, pursuant to a de facto policy and/or express policy and/or custom of turning a blind eye, and otherwise condoning police misconduct . . . encouraging and thereby proximately causing constitutional violations."

FAC at 7. The only factual matter pled in the foregoing paragraph is the allegation that the individual officer defendants have been the subjects of dozens of complaints and/or civil rights lawsuits, but have never been disciplined.

These allegations do not state a *Monell* claim. The allegations do not describe the subject matter of the alleged complaints and lawsuits or indicate when they took place. Plaintiffs do not even indicate whether the complaints and lawsuits were meritorious; the First Amended Complaint merely notes that complaints and lawsuits were filed, and the officers were not punished. These are bare factual allegations insufficient to create an inference that plaintiffs' harm resulted from a widespread City policy or practice of failing to discipline officers. *See, e.g., Thomas v. City of Markham*, No. 16 CV 08107, 2017 WL 4340182, at *4 (N.D. Ill. Sept. 29, 2017) ("[A]llegations of general past misconduct or allegations of dissimilar incidents are not sufficient to allege a pervasive practice and a defendant's deliberate indifference to its consequences."); *Brown v. Evans*, No. 15 C 2844, 2016 WL 69629, at *3-4 (N.D. Ill. Jan. 6, 2016) (holding that allegations that a police department "tolerated, ignored, and even encouraged" an officer's conduct "despite numerous serious citizen complaints" were "too vague and lacking in sufficient details to give proper notice"). Without more information about the prior complaints and lawsuits—for example, information concerning the content of the complaints that would allow the court and the defendants to determine whether they involve incidents similar to those at issue here—the plaintiffs have not given proper notice of their *Monell* claim, which is dismissed without prejudice

   B.   **Unlawful Imprisonment Claim**

Next, the City argues that the plaintiffs' Illinois false imprisonment claims should be dismissed because officers properly handcuffed the plaintiffs while executing a search warrant.

In so arguing, the City relies on *Michigan v. Summers*, 452 U.S. 692, 705 (1981), for the proposition that "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." According to the City, because the defendant officers had a warrant to search the plaintiffs' apartment, they were permitted to detain plaintiffs during the search. The court disagrees.

The first problem with this argument is that it conflates the Fourth Amendment with Illinois tort law; conduct that is not unconstitutional can nonetheless be tortious. Under Illinois law, the tort of false imprisonment occurs when officers "arrest[] or restrain[] [a plaintiff] without reasonable grounds to believe that he committed an offense." *Mercado v. Village of Addison*, 385 Ill. App. 3d 1006, 1008, 898 N.E.2d 1089, 1091 (Ill. App. Ct. 2008). No Illinois court has assessed whether an officer may be liable for false arrest when he detains an individual during a search, with a valid warrant, of the individual's residence. Nonetheless, the court has little trouble concluding that Illinois courts would hold that a false arrest occurs when—as alleged here—an officer intentionally or recklessly uses false information to procure an invalid search warrant, and then proceeds to detain the occupants of the residence to be searched. Illinois courts recognize a parallel claim for malicious prosecution where an individual is arrested pursuant to legal process (*i.e.*, an indictment or an arrest warrant) knowingly obtained by deceit. *See Barnes v. Martin*, 2014 IL App (2d) 140095-U, ¶ 54 (Ill. App. Ct. 2014). It follows, then, that an officer who uses deceit to procure a search warrant, for which he has no probable cause, and proceeds to detain the occupant of the residence to be searched has committed false arrest. Here, the plaintiffs have alleged that, at the very least, Officer Chinchilla twice knowingly or recklessly presented false information to a magistrate to obtain a search warrant, and

subsequently used the tainted search warrant to detain the plaintiffs. Plaintiffs have therefore stated a claim for false arrest, and the City's motion to dismiss Count VI is denied.

\*   \*   \*

For the foregoing reasons, the motion to dismiss is granted in part without prejudice, and denied in part.

Dated: February 22, 2018

John J. Tharp, Jr.
United States District Judge